IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Cory Gene Samp;<br>Thoreson Plumbing, Inc.,<br><br>Plaintiffs,<br><br>vs.<br><br>MeritCare Health System,<br><br>Defendant. | **ORDER GRANTING PLAINTIFF'S<br>MOTION FOR PARTIAL<br>SUMMARY JUDGMENT;<br>GRANTING, IN PART,<br>DEFENDANT'S MOTION FOR<br>JUDGMENT ON THE PLEADINGS**<br><br>Civil File No. 3:07-cv-48 |

Before the Court is a motion by Plaintiff, Thoreson Plumbing, Inc., for partial summary judgment (Doc. #17) and a motion by Defendant, MeritCare Health System, for judgment on the pleadings (Doc. #22). Both parties filed the appropriate briefs, including those in support, response, or reply to the motions.

**SUMMARY OF DECISION**

Minnesota worker's compensation law applies to Thoreson's intervenor complaint in Samp's medical malpractice suit. The compensable injury occurred at the workplace in Minnesota where Thoreson was insured under Minnesota worker's compensation law. The alleged malpractice did not constitute a new workplace injury in the state of North Dakota; rather, it constituted aggravation of the original injury.

There is no basis for Thoreson's claim for administrative time and expenses spent contacting MeritCare regarding Samp's condition or medical bills. There was no "benefit" conferred upon MeritCare in any of these contacts and therefore the theory of quantum meruit is inapplicable.

**FACTS**

Cory Samp, a Minnesota resident, was an employee of Thoreson Plumbing, Inc., a Minnesota corporation. Thoreson is insured for workers compensation liability in Minnesota.

On November 10, 2004, Samp lacerated his leg with a "chop saw" while on a job site in Minnesota. Samp received treatment from MeritCare Occupational Health in Fargo, North Dakota. Workers' compensation benefits were paid by State Auto Insurance Company.

Samp alleges that the care he received was negligent and caused significant injuries. He brought this action for medical malpractice against MeritCare. Thoreson intervened, seeking reimbursement from MeritCare for increased insurance premiums under Minn. Stat. § 176.061(5)(b) and administrative costs.

**DISCUSSION**

At the outset, the Court must determine whether these motions should be resolved under Rule 56 or Rule 12(c), Fed.R.Civ.P. Both parties' motions are appropriately before the Court, and the issues are virtually interchangeable. A motion for judgment on the pleadings may be treated as one for summary judgment if matters outside the pleadings are presented. Fed.R.Civ.P. 12(c). Both parties submitted affidavits in support of their motions. The Court will therefore dispose of these motions under Rule 56, Fed. R. Civ. P.

Summary judgment is appropriate if the pleadings, discovery, and affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Quick v. Donaldson Co., 90 F.3d 1372, 1376 (8th Cir. 1996). On a motion for summary judgment, a court views the facts in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Mere allegations are insufficient to

defeat summary judgment. Klein v. McGowan, 198 F.3d 705, 709 (8th Cir. 1999). The non-movant must make a sufficient showing on the essential elements of his case and may not rest on mere denials or allegations in the pleadings. Anderson, 477 U.S. at 250. When the unresolved issues in a case are primarily legal rather than factual, summary judgment is particularly appropriate. Mansker v. TMG Life Ins. Co., 54 F.3d 1322, 1326 (8th Cir. 1995). Here, the questions before the Court are legal in nature.

There are two issues before the Court: First, whether Minn. Stat. § 176.061(5)(b) may apply to Thoreson's intervenor complaint; and second, whether Thoreson's claim for administrative costs is an appropriate cause of action.

Minn. Stat. § 176.061(5)(b)

The fundamental question at issue is whether Minnesota worker's compensation law, specifically Minn. Stat. § 176.061(5)(b), or North Dakota worker's compensation law, governs in this case. Section 176.061(5)(b) states:

> If an employer, being then insured, sustains damages due to a change in workers' compensation insurance premiums, whether by a failure to achieve a decrease or by a retroactive or prospective increase, as a result of the injury or death of an employee which was caused under circumstances which created a legal liability for damages on the part of a party other than the employer, the employer, notwithstanding other remedies provided, may maintain an action against the other party for recovery of the premiums. This cause of action may be brought either by joining in an action described in clause (a) or by a separate action. Damages recovered under this clause are for the benefit of the employer and the provisions of subdivision 6 are not applicable to the damages.

Title 65 of the North Dakota Century Code, setting forth North Dakota's worker's compensation system, does not have a provision akin to § 176.061(5)(b). Thus, if North Dakota worker's compensation law were applied, the parties agree that Thoreson's claim for increased premiums

would be without merit.

Thoreson and MeritCare have presented extensive arguments, focusing in large part on choice-of-law analyses, discussing which state's provisions are applicable to this case. However, after considering the statutory schemes of both states, the Court concludes it need not engage in a choice-of-law analysis because there is no true conflict.[1] The Court instead concludes that the applicable North Dakota and Minnesota statutes, relevant treatises, and interpretive case law, read together, dictate that this claim is governed by Minnesota law.

North Dakota's workforce safety and insurance law is designed to protect "workers injured in hazardous employments." N.D. Cent. Code § 65-01-01. A "compensable injury" is an injury "arising out of and in the course of hazardous employment." N.D. Cent. Code § 65-01-02(10). An injured worker must be able to demonstrate a compensable injury in order to participate in the worker's compensation fund. Moses v. North Dakota Workers Compensation Bureau, 429 N.W.2d 436, 438 (N.D. 1988). Here, the parties do not appear to dispute that the initial injury in this case – Samp's leg laceration – occurred in Minnesota during the course of employment and was properly compensated under Minnesota worker's compensation law. Moreover, MeritCare has not attempted to show that Samp's subsequent infection constitutes a separate, compensable injury under North

---

[1] The parties agree that North Dakota law governs the choice-of-law analysis, and both argue the choice-of-law factors set forth in Issendorf v. Olson, 194 N.W.2d 750 (N.D. 1972), a case which involved tort-based claims. However, it appears to the Court that at least some of the applicable principles governing choice of law in a workers' compensation case should be drawn from the North Dakota Supreme Court's decision in Barry v. Baker Elec. Coop., Inc., 354 N.W.2d 666 (N.D. 1984). In Barry, the court extensively analyzed conflicts of law in the context of workers' compensation, and it concluded that North Dakota law applied under several different tests, including Issendorf and a six-factor analysis drawn from Larson's Workers' Compensation. Id. at 672-73. At any rate, even if the Court engaged in a choice-of-law analysis in this case, it would still conclude that Minnesota law applies rather than North Dakota law. Samp's injury occurred in Minnesota, Thoreson is a Minnesota employer, and benefits were being paid from a Minnesota worker's compensation insurer. The locations of the injury and employment are two factors of primary importance in a workers' compensation case. See id. at 672; see also 99 C.J.S. Workers' Compensation § 62.

Dakota workers compensation law.  Aggravation of a primary injury through medical or surgical treatment is, in fact, compensable.  <u>Larson's Workers' Compensation Law</u>, § 10.09(1).  However, such aggravation is not a separate worker's compensation injury; it relates back to the primary compensable injury.  <u>See</u> <u>Smith v. Fenske's Suburban Sanitation</u>, 266 N.W.2d 892, 893 (Minn. 1978).

The Court specifically rejects the applicability of <u>Shelby Mutual Ins. Co. v. Girard Steel Supply Co.</u>, 224 F.Supp.690 (D. Minn. 1963), <u>Thoring v. Bottonsek</u>, 350 N.W.2d 586, 587-88 (N.D. 1984), and the host of other cases cited by the parties involving third-party tortfeasors.  The Court notes that all of these cases involved an employee from and insured in "State A" sustaining a single injury – usually from a car accident – in "State B" through the fault of a "State B" resident.  The factual scenario present here is markedly different.  Samp is a Minnesota resident employed by a Minnesota employer with Minnesota worker's compensation insurance.  Samp was injured on the job site in Minnesota.  The alleged malpractice is not a new, compensable injury that arose out of his employment.  <u>Shelby</u> and <u>Thoring</u> are therefore clearly distinguishable and do not govern.

Viewing the facts in the light most favorable to MeritCare, there is no genuine issue of material fact in dispute.  In fact, there is no interpretation of the facts as presented that could lead the Court to conclude that North Dakota worker's compensation law could be applied to this case.  Therefore, the Court hereby concludes that the Minnesota worker's compensation law applies to Thoreson's intervenor complaint[2].

<u>Administrative Costs</u>

---

[2] The Court is not prepared to determine, at this time, whether Minn. Stat. § 176.061(5)(b) is applicable and should provide relief in a case such as this, when the third party aggravates an injury, or whether the statute is only applicable in claims against a third party who causes the original compensable injury.  At this point, the question is not before the Court.

Thoreson seeks recovery of the "significant administrative costs" incurred by Thoreson in processing Samp's medical bills. Specifically, Sandy Kreps, a co-owner of Thoreson, documented 49 contacts with MeritCare, which she asserts took 52 hours of her time. Thoreson seeks this recovery under a quantum meruit theory.

Quantum meruit holds that one who performs substantial services for another without any express agreement for compensation is entitled to the reasonable value of the services rendered. In the Matter of the Estate of Lutz, 563 N.W.2d 90, 94 (N.D. 1997). In order to prevail on such a theory, "the claimant must establish the recipient accepted benefits under circumstances which would reasonably notify the recipient that the claimant had an expectation of payment for the services rendered." In re Disciplinary Action Against Moe, 594 N.W.2d 317, 320 (N.D. 1999) (citing Schmidt v. First Nat. Bank and Trust Co., 453 N.W.2d 602, 605 (N.D. 1990)). The argument and affidavit provided by Thoreson in support of this claim give no indication that the contacts would "reasonably notify" Meritcare that Thoreson would expect payment. The vast majority of contacts involve no more than sending faxes, primarily bills, to MeritCare, or phone calls regarding Samp's condition. Viewed in the light most favorable to Thoreson, these contacts do not constitute services performed for or benefits bestowed upon MeritCare. There is no genuine issue of material fact as to this claim, and it therefore must be dismissed.

## DECISION

Because Minnesota worker's compensation law must necessarily control over Samp's work-related injury, summary judgment is **GRANTED** in favor of Thoreson and MeritCare's cross-motion is **DENIED**, in part. Whether Minn. Stat. § 176.061(b)(5) will allow recovery for Thoreson is not before the Court at this time.

Thoreson's claim for lost profits has been abandoned. The claim for compensation for administrative services is unfounded. Therefore, summary judgment is **GRANTED**, in part, in favor of MeritCare. There are genuine issues of material fact only as to the § 176.061(b)(5) claim. The other claims are hereby **DISMISSED.**

**IT IS SO ORDERED.**

Dated this 16th day of September, 2008.

*/s/      Ralph R. Erickson*
Ralph R. Erickson, District Judge
United States District Court